THE ATTORNEY GENERAL HAS ASKED ME TO RESPOND TO YOUR LETTER CONCERNING THE FOLLOWING QUESTION:
 DOES THE OKLAHOMA DEPARTMENT OF LABOR HAVE THE AUTHORITY TO INSPECT COUNTY GOVERNMENTS AND ENFORCE TITLE 40 O.S. 401 ET SEQ. CITED AS THE OKLAHOMA OCCUPATIONAL HEALTH AND SAFETY ACT OF 1970?
BECAUSE YOUR QUESTION DOES NOT PRESENT A NOVEL LEGAL ISSUE AND CAN READILY BE ANSWERED BY REFERENCE TO THE APPLICABLE STATUTES, THE ISSUANCE OF AN OFFICIAL OPINION OF THE ATTORNEY GENERAL IS UNNECESSARY. THE CONCLUSIONS EXPRESSED BELOW ARE, OF COURSE, SOLELY THOSE OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL.
ANY RESPONSE TO YOUR INQUIRY MUST BEGIN WITH A REVIEW OF THE STATUTES INVOLVED. TITLE 40 O.S. 401 (1981) ET SEQ, AS AMENDED, SETS FORTH THE PROVISIONS OF THE OKLAHOMA OCCUPATIONAL HEALTH AND SAFETY STANDARDS ACT OF 1970. IT PROVIDES IN PERTINENT PART:
 "402(1) "EMPLOYER" MEANS THE STATE AND ALL ITS POLITICAL SUBDIVISIONS WHICH HAS IN ITS EMPLOY ONE OR MORE INDIVIDUALS PERFORMING SERVICES FOR ITS EMPLOYMENT. "410(A) THE COMMISSIONER (COMMISSIONER OF LABOR) SHALL ADMINISTER AND ENFORCE THE PROVISIONS OF THE OKLAHOMA OCCUPATIONAL HEALTH AND SAFETY STANDARDS ACT."
 "410(A)(2) THE COMMISSIONER SHALL CAUSE TO BE INSPECTED ANY PLANT OR FACILITY IF HE HAS REASON TO BELIEVE THAT THE PLANT OR FACILITY HAS NOT COMPLIED WITH THE RULES, STANDARDS AND REGULATIONS ESTABLISHED BY THE COMMISSIONER. NO PLANT OR FACILITY SHALL BE SUBJECT TO THE PROVISIONS OF THIS SUBSECTION IF IT IS ENTITLED TO CREDIT ON ITS WORKERS' COMPENSATION INSURANCE RATES, OR WOULD BE ENTITLED TO SUCH CREDIT IF IT SECURED WORKERS' COMPENSATION INSURANCE COVERAGE."
IT IS CLEAR FROM A READING OF THE STATUTE THAT THE COMMISSIONER OF LABOR HAS THE AUTHORITY TO ADMINISTER AND ENFORCE THE PROVISIONS OF THE OKLAHOMA OCCUPATIONAL HEALTH AND SAFETY STANDARDS ACT OF 1970.
WITH REGARD TO YOUR QUESTION ABOUT THAT SAME AUTHORITY EXTENDING TO COUNTIES, A REVIEW OF SOME PAST CASE LAW IS NECESSARY. IN THE CASE OF SMITH V. OKLAHOMA, 381 P.2D 900 (OKLA. 1963) THE OKLAHOMA SUPREME COURT STATED THAT A COUNTY, LIKE A CITY, IS A "POLITICAL SUBDIVISION" OF THE STATE. AN EARLIER CASE, HERNDON V. ANDERSON, 25 P.2D 326 (OKLA. 1933) HELD THAT A "COUNTY" IS AN INVOLUNTARY POLITICAL SUBDIVISION OF THE STATE WITHOUT INHERENT POWER. ALSO, THE OKLAHOMA CONSTITUTION STATES AT ARTICLE 17, SECTION 1 THAT EACH COUNTY IN THIS STATE, NOW OR HEREAFTER, ORGANIZED, SHALL BE A BODY POLITIC AND CORPORATE.
IN ASCERTAINING THE LEGISLATIVE INTENT, THE LANGUAGE OF THE STATUTE MUST BE GIVEN A LOGICAL AND REASONABLE CONSTRUCTION. WOOTEN V. OKLAHOMA TAX COMMISSION, 40 P.2D 672 (OKLA. 1935). MOREOVER, STATUTES SHOULD BE CONSTRUED TO AVOID AN INTERPRETATION WHICH WILL RESULT IN ABSURD CONSEQUENCES. BANKERS UNION LIFE INS. CO. V. READ, 77 P. 2D 26 (OKLA. 1938).
CLEARLY THEN, AS A POLITICAL SUBDIVISION PURSUANT TO 402(1) OF THE OKLAHOMA OCCUPATIONAL HEALTH AND SAFETY STANDARDS ACT OF 1970, COUNTIES ARE SUBJECT TO THE PROVISIONS OF THIS ACT AND MAY HAVE THEIR PLANTS AND FACILITIES INSPECTED BY THE COMMISSIONER OF LABOR.
THE ONLY POSSIBLE EXCLUSION FROM THE INSPECTION PROVISIONS OF THE ACT WHICH THE COUNTIES MIGHT HAVE WOULD BE WHEN THE COUNTY PLANT OR FACILITY IS ENTITLED TO CREDIT ON ITS WORKERS' COMPENSATION INSURANCE RATES PURSUANT TO SECTION 40 O.S. 410(A)(2) OF THE ACT.
(ALICE S. MITCHELL)
CITE: 40 O.S. 402(1)/40 O.S. 410(A)